
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 226 | **DATE** | 2/27/2003 |
| **CASE TITLE** | Arlene Coles vs. LaSalle Partners Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly all of the Ads are stricken, albeit without prejudice to their possible reassertion in appropriate form. Defendants are granted until March 10, 2003 to file an amended set of Ads, failing which all of the previously - asserted Ads will be deemed to have been waived.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 28 2003 | 12 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/27/2003 | |
| SN | courtroom deputy's initials | 03 FEB 27 PM 3:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARLENE COLES,  )
                )
    Plaintiff,  )
                )
v.              )   No. 03 C 226
                )
LaSALLE PARTNERS INCORPORATED )
DISABILITY PLAN, et al., )
                )
    Defendants. )

DOCKETED
FEB 2 8 2003

MEMORANDUM ORDER

Defendants in this action brought by Arlene Coles ("Coles"), assertedly under the auspices of ERISA, have filed their Answer and Affirmative Defenses ("ADs") to Coles' Complaint. Although the Answer itself is straightforward and requires no comment, some problematic aspects of the ADs have occasioned this sua sponte memorandum order.

AD 1 asserts that Coles' "claims are pre-empted and barred by" ERISA. Just how it is possible for a claim that expressly invokes ERISA to be "pre-empted" by that statute is puzzling, and defendants owe both Coles and this Court something better by way of an explanation.

AD 2 asserts generally that Coles is knocked out of the box by her "failure to comply with terms and conditions of the subject employee benefits plan." But in so stating, defense counsel have ignored the principle that defendants as well as plaintiffs must comply with the notice pleading approach enforced in the federal courts. Any such generalized assertion fails to

apprise either Coles or this Court of the nature of the claimed failure, and defendants must do so.

AD 4 (there is no AD 3) seeks to call upon doctrines of setoff and recoupment to reduce Coles' potential recovery to the extent that she has recovered amounts from other sources. But it would seem that unless such a provision for the reduction of benefits is contained in the employee benefit plan on which Coles sues, no such limitation on her potential recovery would be appropriate. Defendants must provide Coles and this Court with some authority to support that AD.

Finally, AD 5 is just as uninformative as AD 2. If it is to be retained by defendants, they must flesh out the nature of their contention in that respect.

Accordingly all of the ADs are stricken, albeit without prejudice to their possible reassertion in appropriate form. Defendants are granted until March 10, 2003 to file an amended set of ADs, failing which all of the previously-asserted ADs will be deemed to have been waived.

Milton I. Shadur
Senior United States District Judge

Date: February 27, 2003

2